IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIE WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 15 C 7043 |
| v. | ) |
| | ) Judge John Z. Lee |
| CONVERGENT OUTSOURCING, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jamie Washington ("Washington") has sued Defendant Convergent Outsourcing, Inc. ("Convergent") under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Washington and Convergent have filed cross-motions for summary judgment. For the reasons stated herein, Washington's motion for summary judgment is denied, and Convergent's motion for summary judgment is granted.

### Factual Background[1]

Sometime during or before 2013, Washington opened a consumer account with Comcast. *See* Pl.'s LR 56.1(a)(3) Stmt. ¶ 5, ECF No. 41-1; Def.'s LR 56.1(b)(3) Stmt. ¶ 49, ECF No. 54. On December 5, 2013, Comcast referred an unpaid bill of $1,001 associated with Washington's account to Convergent for collection. Def.'s LR 56.1(b)(3) Stmt. ¶ 49. In turn, in October 2014, Convergent reported an unpaid

---

[1] The following facts are undisputed except where noted.

balance of $1,001 on Washington's account to various credit reporting bureaus, including Experian, Equifax, and TransUnion. Pl.'s LR 56.1(a)(3) Stmt. ¶ 17.

Around the same time, Washington met with legal aid attorneys to address potential concerns that she had with her credit report. *Id.* ¶ 8. Upon reviewing her credit report, Washington told her attorneys that she did not believe the debt Convergent had reported was accurate, because she did not recall owing any balance on her Comcast account. *Id.* ¶ 10. Accordingly, on October 17, 2014, Washington's attorneys sent Convergent a letter stating that the amount reported on the debt was not accurate. *Id.* ¶¶ 11, 14.

After Convergent received this letter, one of its employees updated Washington's account to reflect the letter's contents per company policy. Def.'s LR 56.1(b)(3) Stmt. ¶¶ 40–41, 53. In the course of updating the account, however, Convergent's employee made an error: the employee updated Washington's account by marking it with the code "3ACA" instead of "3DSP." *Id.* ¶ 54. "3ACA" denotes that a consumer is represented by an attorney, whereas "3DSP" denotes that a consumer is represented by an attorney *and* disputes the debt in her account. *Id.* ¶ 43. Convergent acknowledges that Washington disputed her debt and that her account should therefore have been marked with the code "3DSP." *Id.* ¶¶ 29, 31.

On March 30, 2015, Comcast informed Convergent that Comcast would no longer be including "equipment charges" in account balances placed with Convergent for collection. *Id.* ¶ 56. Comcast also informed Convergent that all such charges would be removed from existing accounts no later than April 30, 2015. *Id.*

¶ 57. Accordingly, on April 19, 2015, Comcast removed a $680 equipment charge from Washington's account, leaving a balance of about $321. *Id.* ¶ 58.[2]

Later that month, Convergent communicated the updated balance amount of $321 to Experian, Equifax, and TransUnion. Pl.'s LR 56.1(a)(3) Stmt. ¶ 19. In so doing, Convergent failed to also communicate that the debt was disputed. *Id.* ¶ 22. If Convergent's employee had properly coded Washington's account with "3DSP" rather than "3ACA," then the information communicated to Experian, Equifax, and TransUnion in April 2015 would have reflected that Washington disputed the debt. Def.'s LR 56.1(b)(3) Stmt. ¶ 55.

## **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Shell v. Smith*, 789 F.3d 715, 717 (7th Cir. 2015). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769,

---

[2] Washington disputes the above-stated facts regarding the removal of the equipment charge on her account, on the ground that Convergent has failed to support these facts with any evidence. *See* Pl.'s Resp. Def.'s LR 56.1(b)(3) Stmt. ¶¶ 56–58, ECF No. 56-1. But Washington's objection ignores that Convergent has indeed supported these facts with evidence from the declaration of its Executive Vice President of Operations, Jeff Hunter. *See* Hunter Decl. ¶¶ 27–29, ECF No. 55-1. Moreover, Washington has offered no evidence to rebut these facts' veracity. The Court will therefore treat these facts as undisputed for purposes of the parties' cross-motions for summary judgment.

3

772–73 (7th Cir. 2012). In reviewing a motion for summary judgment, courts "must construe all facts and reasonable inferences in favor of the nonmoving party." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007). But "[i]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Id.* (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)) (internal quotation marks omitted).

## Analysis

### I. False Representation of the Amount of a Debt

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including any false representation about the amount of a debt. 15 U.S.C. §§ 1692e, 1692e(2)(A). Washington claims that Convergent violated the FDCPA by falsely representing the amount of the debt she owed to Comcast when reporting the debt to Experian, Equifax, and TransUnion.

In support of this claim, however, Washington has adduced no evidence from which a rational jury could conclude that she did not, in fact, owe any amount on the reported debt. Nor has she adduced any evidence that either the $1,001 amount reported in October 2014 or the $321 amount reported in April 2015 was inaccurate. During her deposition, Washington testified that she "believed" that one of the two reported amounts must have been incorrect, merely because the two amounts were different from one another and because she did not know the reason the amount had changed. Pl.'s LR 56.1(a) ¶ 21; *id.*, Ex. A, at 60:6, 62:2–20, 64:24. But Convergent has explained, citing evidence in support, that the amount changed

4

because Comcast removed $680 in equipment charges from Washington's account around April 2015. Def.'s LR 56.1(b)(3) Stmt. ¶¶ 56–58 (citing Hunter Decl. ¶¶ 27–29). With no evidence to rebut the truth of Convergent's explanation or to otherwise raise a question as to the accuracy of the reported amounts, Washington's claim relies upon nothing more than speculation. Such speculation is insufficient to create a triable issue of material fact. *See Dorsey*, 507 F.3d at 627. Accordingly, to the extent Washington brings an FDCPA claim alleging a false representation of the amount of a debt, Convergent is entitled to summary judgment in its favor.

## II. Failure to Communicate Disputed Status of a Debt

In addition to prohibiting debt collectors from falsely representing the amount of a debt, the FDCPA prohibits debt collectors from "[c]ommunicating . . . to any person information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). A dispute need not be ultimately proved meritorious in order to give rise to liability under this provision. *Bowse v. Portfolio Recovery Assocs., LLC*, No. 15 C 4037, 2016 WL 6476545, at *5 (N.D. Ill. Nov. 2, 2016) (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001)). Here, Washington claims that Convergent violated the FDCPA by failing to inform Experian, Equifax, and TransUnion that Washington disputed her debt when Convergent reported the debt in April 2015.

### A. Convergent's Knowledge or Reason to Know of the Dispute

In moving for summary judgment as to this claim, Convergent first argues that it had no reason to know from Washington's attorneys' letter that the $321

5

debt reported in April 2015, rather than only the $1,001 debt reported in October 2014, was disputed. The Court rejects this argument.

It is true that the letter from Washington's attorneys stated only generally that "the amount reported [was] not accurate," rather than specifying whether the entire amount or only some portion thereof was disputed. Pl.'s LR 56.1(a)(3) Stmt. ¶ 14. But "[t]he right to dispute a debt under the FDCPA 'means that the consumer can, without giving a reason, require that the debt collector verify the *existence* of the debt before making further efforts to collect it.'" *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *1 (N.D. Ill. Aug. 14, 2015) (emphasis added) (quoting *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010)). As such, drawing reasonable inferences in Washington's favor, a jury could conclude that Convergent should have known from the letter that Washington disputed the existence or the entire amount of the debt, rather than some smaller amount such that Comcast's removal of the $680 equipment charge would have ended the dispute. Convergent's first argument therefore fails.

### B. Bona Fide Error Defense

Next, Convergent contends that the bona fide error defense under 15 U.S.C. § 1692k(c) shields it from liability for failing to communicate that Washington's debt was disputed. Under § 1692k(c), a debt collector is not liable for a violation of the FDCPA where the violation (1) was not intentional, (2) resulted from a bona fide error, and (3) occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such a violation. 15 U.S.C. § 1692k(c); *Ruth v. Triumph P'ships*,

6

577 F.3d 790, 803 (7th Cir. 2009) (citing *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005)). In an FDCPA case, a debt collector is entitled to summary judgment in its favor when the undisputed evidence satisfies all three elements of the bona fide error defense. *See, e.g.*, *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 496–99 (7th Cir. 2007); *Kort*, 394 F.3d at 539; *Frye v. Bowman, Heintz, Boscia, Vician, P.C.*, 193 F. Supp. 2d 1070, 1085–89 (S.D. Ind. 2002).

In this case, the undisputed evidence shows that Convergent has established the bona fide error defense. First, Convergent asserts that its failure to report Plaintiff's account as disputed was not intentional. It supports this assertion with a sworn declaration from its Executive Vice President of Operations, Def.'s LR 56.1(b)(3) Stmt. ¶ 61, as well as with ample circumstantial evidence. *Cf. Aitken v. Debt Mgmt. Partners, LLC,* No. 1:12-CV-01511, 2015 WL 1810345, at *5 (C.D. Ill. Apr. 17, 2015) (quoting *Johnson v. Riddle*, 443 F.3d 723, 728 (10th Cir. 2006)) (noting that the first prong of the bona fide error defense "is a subjective test which 'often can only be shown by inferential evidence'"). For example, Convergent has set up an internal coding system to ensure that disputes are reflected in consumers' accounts. *Id.* ¶¶ 40, 43–46. Under this system, once an account is marked as disputed, all information reported to credit reporting bureaus is automatically updated to reflect the dispute. *Id.* ¶ 46. In addition, Convergent trains its employees regarding the policies governing its coding system, and it regularly performs compliance audits and tests employees on their understanding of these policies. *Id.* ¶¶ 37–38. Employees who deviate from Convergent's policies are

7

subject to discipline, up to and including termination. *Id.* ¶ 39. Taken together, this evidence is sufficient to establish that Convergent had no intention of violating the FDCPA by failing to report Washington's debt as disputed. In fact, the evidence suggests that Convergent had every intention of avoiding such a violation.

Second, Convergent's alleged FDCPA violation resulted from a bona fide error. An error is considered bona fide if it is a genuine mistake made in good faith, rather than a contrived mistake. *Kort*, 394 F.3d at 538. Mere clerical mistakes qualify as bona fide errors. *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895, 899 (7th Cir. 2015) (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010)). Here, Convergent's failure to communicate the disputed status of Washington's debt resulted from a textbook example of a clerical mistake: the Convergent employee who processed the letter from Washington's attorneys manually updated Washington's account with the incorrect code—"3ACA," rather than "3DSP." Def.'s LR 56.1(b)(3) Stmt. ¶ 54. If the employee had not made this mistake, then the debt in Washington's account would have been marked as disputed when Convergent subsequently reported it to Experian, Equifax, and TransUnion in April 2015. *Id.* ¶ 55.

Third, Convergent has established that it maintained policies and procedures reasonably adapted to avoid the FDCPA violation at issue. As described above, Convergent developed procedures under which its employees systematically marked accounts as disputed whenever consumers raised disputes. *Id.* ¶¶ 40–46. Convergent's code for a disputed debt, "3DSP," incorporated an abbreviated version

8

of "disputed" and thus was an appropriate marker unlikely to be misinterpreted when used correctly. *See id.* ¶ 44. In turn, when an account was marked as disputed, all subsequent account information that Convergent furnished to credit reporting bureaus was automatically updated to reflect the dispute. *Id.* ¶¶ 45–46. Convergent's employees were trained and tested on these procedures, and Convergent performed regular audits to ensure adherence to the procedures. *Id.* ¶¶ 36–38. As far as the evidence shows, these procedures were reasonably and proportionally tailored to ensure that Convergent communicated the disputed status of any disputed debts that it reported to third parties. *Cf. Ross*, 480 F.3d at 497 (finding that procedures designed to flag debts discharged in bankruptcy were reasonably adapted to ensure that the defendant did not attempt to collect on such debts in violation of the FDCPA). And there is no indication that clerical mistakes like the one made in this case are a systematic problem that undermines the effectiveness of Convergent's procedures.

Washington argues that Convergent's bona fide error defense is deficient in several regards, but none of her arguments is persuasive. For example, she argues that the very fact that her account was not properly coded belies the notion that Convergent's procedures were reasonably adapted to prevent the violation at issue. But Convergent's procedures do not need to achieve perfection in order to be reasonable for purposes of § 1692k(c). Recognizing as much, the Seventh Circuit has consistently rejected arguments similar to Washington's. *See id.* at 497–98 ("The word 'reasonable' in the [bona fide error] defense cannot be equated to 'state

9

of the art.'"); *Kort*, 394 F.3d at 539 ("[Section] 1692k(c) does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution."); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) ("Although [the defendant] could have done more to [avoid an FDCPA violation], § 1692k(c) only requires collectors to adopt reasonable procedures.").

In her filings, Washington also insists repeatedly that Convergent's evidence is insufficient to establish the bona fide error defense. But she does not actually dispute any of the evidence that Convergent has marshalled in support of the defense. *See* Pl.'s Resp. Def.'s LR 56.1(b)(3) Stmt. ¶¶ 35–46, 54–55, 61–65. Nor has she adduced any evidence of her own to rebut any of the defenses' elements. Washington has therefore failed to create a genuine dispute of material fact such that a reasonable jury could find in her favor as to this issue.

Finally, in arguing that Convergent is not entitled to summary judgment, Washington relies on *Gomez v. Portfolio Recovery Associates, LLC*, 2016 WL 3387158 (N.D. Ill. June 20, 2016). In *Gomez*, the plaintiff claimed that the defendant had violated the FDCPA by failing to communicate that the plaintiff's alleged debt was disputed upon reporting the debt to a third party. *Id.* at *1. The defendant raised the bona fide error defense, contending that the letter the plaintiff had sent it to dispute the debt was insufficiently clear to put the defendant on notice of the dispute. *Id.* at *3. The court rejected this argument, finding that it was "clear as day based on a plain reading" of the letter that the plaintiff disputed her debt. *Id.* The facts of the present case are wholly distinguishable from *Gomez*.

Convergent does not argue that the letter from Washington's attorneys was insufficient to put it or its employee on notice of Washington's dispute (at least with respect to the originally reported amount of $1,001). Rather, it argues solely that its employee made a clerical error in coding Washington's account upon processing the letter. Moreover, unlike the defendant in *Gomez*, Convergent has supported its bona fide error defense with abundant evidence of the procedures it had in place to avoid the violation at issue. Plaintiff's reliance on *Gomez* is therefore misplaced.

For all the foregoing reasons, the undisputed evidence shows that Convergent has established all three elements of the bona fide error defense under § 1692k(c). Convergent is thus entitled to summary judgment in its favor.

## Conclusion

For the reasons stated herein, Washington's motion for summary judgment [41] is denied and Convergent's motion for summary judgment [55] is granted. This case is hereby terminated.

**IT IS SO ORDERED.**      **ENTERED   3/23/17**

_____
**John Z. Lee**
**United States District Judge**